Michael J. Mitchell, P.C.
Attorneys for Plaintiff
ITIRO CORPORATION BVI
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 328-0120
Facsimile:   (646) 328-0121
Michael J. Mitchell (MM9005)
MIMOMA@RCN.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ITIRO CORPORATION BVI,                                  09-CV

                 Plaintiff,

    -against-                                              **VERIFIED COMPLAINT**

BULK & METAL TRANSPORT UK LLP,

                 Defendant.
-----------------------------------------------------------------X

      Plaintiff ITIRO CORPORATION BVI ("ITIRO"), by their attorneys, Michael J. Mitchell, P.C., complaining of the defendant, BULK & METAL TRANSPORT UK LLP ("B&M") herein alleges upon information and belief as follows:

      1.      This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.      At all times hereinafter mentioned, Plaintiff ITIRO was, and still is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Tortola, British Virgin Islands.

3. At all times hereinafter mentioned, Defendant B&M was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in London, England.

4. Plaintiff ITIRO was at all pertinent times the disponent owner of the M/V INCE ATLANTIC.

5. On or about the 27th day of February 2009, Plaintiff ITIRO entered into a maritime contract with Defendant for the charter of the M/V CAPTAIN P. EGGLEZOS on the New York Produce Exchange Form, wherein Defendant B&M agreed to pay Plaintiff charter hire, demurrage and expenses at the rates specified in the contract.

6. The vessel was delivered to Defendant B&M on February 28, 2009.

7. The duration of the charter was for a minimum period of 38 days at a rate of $27,750 per day.

8. Defendant B&M wrongfully redelivered the vessel prior to the expiration of the contracted minimum charter period.

9. Defendant B&M has refused to pay charter hire for the contractual minimum period despite due demand having been made.

10. During the course of the voyage, Plaintiff ITIRO incurred certain voyage expenses for which Plaintiff is entitled to be reimbursed by Defendant but for which amounts remain outstanding.

11. Defendant B&M has refused to pay the amounts due and owing to Plaintiff ITIRO in the total amount of $62,674.18.

12. This action is brought *inter alia* pursuant to 9 U.S.C. § 8 in order to obtain security for plaintiff's claims made or to be made in another jurisdiction including the United

Kingdom. The contracts at issue herein are maritime contracts which provide for all disputes to be decided by arbitration in London with English Law to apply.

13. Plaintiff will commence arbitration against Defendant in London in accordance with the dispute resolution clause of the charter.

14. As a regular feature of English law and London arbitration, attorney's fees are awarded to the successful litigant, along with costs, disbursements, and interest, all of which constitutes a part of the Plaintiff's main claim in admiralty and the amount sued for herein.

15. Plaintiff estimates, as nearly as can presently be computed, that the recoverable legal expenses and costs of prosecuting its claim in London arbitration will be US $20,000.00. Interest anticipated to be awarded is estimated to be $15,650.77 (calculated at the prevailing rate in London arbitration of 7.5% compounded quarterly for three years, the estimated time for completion of the proceedings in London), on the principal amount of $62,674.18.

16. In all, the claim for which Plaintiff ITIRO sues for breach of the charter party, as near as presently may be estimated, totals $98,324.95, of which no part has been paid by defendant despite due demand having been made.

17. Plaintiff specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure Plaintiff.

18. Upon information and belief, and after investigation, Defendant cannot be found within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Defendant will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendant (collectively hereinafter,

"assets"), including but not limited to in its name and/or being transferred for its benefit funds, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein because Defendant conducts business internationally in US Dollars and all dollar denominated electronic funds transfers are processed by intermediary banks in the United States, primarily in New York. Furthermore, Defendant has in the past made payments to Plaintiff in U.S. currency through electronic funds transfers which, on information and belief, were processed through New York banks.

19. The total amount sought to be attached pursuant to the above is $98,324.95.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing;

2. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants up to and including US $98,324.95 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, frights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendants, including but not limited to assets in its name and/or being transferred for their benefit, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

3.      That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London arbitration proceedings; and,

4.      For such other, further and different relief as this Court may deem just and proper in the premises.

Dated:  New York, New York
        April 29, 2009

>                               Michael J. Mitchell, P.C.
>                               Attorneys for Plaintiff
>                               ITIRO CORPORATION BVI
>
>                               */s/ Michael J. Mitchell*
>                               _____
>                               Michael J. Mitchell
>                               494 Eighth Avenue, 7th Floor
>                               New York, New York 10001
>                               Telephone:   (646) 328-0120
>                               Facsimile:   (646) 328-0121
>                               MIMOMA@RCN.COM

**ATTORNEY VERIFICATION**

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

Michael J. Mitchell, being duly sworn, deposes and says as follows:

1. I am an attorney duly admitted to practice before this Honorable Court and represent Plaintiff ITIRO CORPORATION BVI. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided Plaintiff and/or by solicitors representing Plaintiff.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial district.

_____
Michael J. Mitchell

Sworn to before me this
29th day of April, 2009

_____
Notary Public
ERIKA M. ACHTZIGER
Notary Public, State of New York
No. 02AC6199189
Qualified in SUFFOLK County
Commission Expires 1/05/2013

Casework\MJM\Norweigan Hull Club\108-0006 Itiro Corp. BVI\ Pleadings\VerifComp-042809.doc

6